MARGARET TYLEY vs. THOMAS TYLEY.

ALIMONY—PRACTICE or rule in allowance of.

*Circuit Court, Wayne County, in Chancery, February,* 1870.

PATCHIN, J.—This is an action for divorce on the ground of
cruel treatment.

The bill avers that in December, 1842, the parties were
married, and have lived together as man and wife since that
time until a short time before filing the bill.    It further avers
that during said time the defendant has treated the plaintiff
with extreme cruelty, as well by using personal violence as by
vile and improper language.    I am of opinion that the facts
charged in the bill in that respect have been sufficiently proved,
and the complainant is entitled to the relief prayed.

The only question remaining, is that of alimony.

It appears that these parties have lived together for more
than a quarter of a century upon a farm, and by their combined
efforts, each in their proper sphere. have accumulated a small
competency.    Eighty acres of wild land, heavily timbered, have
been cleared and cultivated until the unproductive wood-lot
has become a valuable farm, as appears by the testimony in
the case.    If the defendant, by his own muscle, has caused this
transformation to take place, the complainant has been no less
instrumental in the same result by her own hard labor to nour-

ish and sustain that same muscle, without which the defendant could have accomplished nothing. It is clear, then, that in the accumulation of the property in question, each of the parties have contributed equally It is also clear that in the distribution of the same property each *ought* to share equally, and that the mere accident of sex should not be considered. When the law in its wisdom makes a distinction of that kind, it is the duty of the Courts to administer it, but when, as in the present case, it is left to the discretion of the Court, it is clearly the duty of the Court to do exact justice between the parties in the particular case, regardless of general rules and regulations handed down from former generations. One-half of the realty is in the name of the complainant and should thus remain, and the defendant should pay the costs of the Court, including one hundred dollars as solicitor's fee, together with one hundred dollars alimony to the complainant, which will be about an equal distribution of the property between the parties; and certainly the guilty party cannot complain that he does not receive the larger portion. Let the decree be so entered.